**Keith W. FORSTER, Plaintiff-Appellee,**

v.

**ORO NAVIGATION COMPANY,
Defendant-Appellant.**

**No. 118, Docket 23303.**

United States Court of Appeals
Second Circuit.

Argued Nov. 14, 1955.

Decided Dec. 7, 1955.

Kirlin Campbell & Keating, New York City (Joseph M. Cunningham, Vernon S. Jones and Walter X. Connor, New York City, of counsel), for defendant-appellant.

Dunn & Zuckerman, New York City (Morton Zuckerman and Mortimer E. Greif, New York City, of counsel), for plaintiff-appellee.

Before FRANK, MEDINA and HINCKS, Circuit Judges.

PER CURIAM.

We agree with what Judge Bondy said in his opinion, reported in 128 F.Supp. 113. We add the following as to one of appellant's contentions which Judge Bondy did not consider.

46 U.S.C.A. § 596 imposes the duty of payment on "the master or owner". We think that, if the master fails to pay without sufficient cause, his neglect becomes also that of the owner,

so that either is liable.[1] The statute, designed to protect seamen, must be liberally interpreted for their benefit.[2] Accordingly, Compagnie General Transatlantique v. Elting, 298 U.S. 217, 56 S.Ct. 770, 80 L.Ed. 1151, interpreting a statute, 8 U.S.C. § 167(a), with quite a different purpose, is inapposite.

Affirmed.

1. Cf. Shilman v. United States, 2 Cir., 164 F.2d 649, 650.

2. Wilder v. Inter-Island Navigation Co., 211 U.S. 239, 29 S.Ct. 58, 53 L.Ed. 164; Shilman v. United States, 2 Cir., 164 F. 2d 649, 650.